

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,955-01

### EX PARTE GERALD GLENN NUGENT, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR28370-A IN THE 253RD DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Nugent v. State*, No. 09-12-00048-CR (Tex. App. — Beaumont September 4, 2013) (not designated for publication).

Applicant contends, among other things[1], that he was denied due process when the

---

[1]This Court has considered Applicant's other claim and finds it to be without merit.

prosecution failed to disclose material, favorable evidence to the defense prior to trial, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Specifically, Applicant alleges that the trial prosecutor was aware prior to trial that Applicant's young son had told his therapist that the victim's mother and not Applicant caused the injuries that led to the victim's death. Applicant alleges that the prosecution did not provide this information to the defense prior to trial. According to Applicant, had the defense been aware of this information prior to trial, the therapist could have been called to testify as to what Applicant's son told her. Applicant also alleges that this information could have been used to rebut the impression left by the prosecution that Applicant's son had not told anyone prior to trial that it was his mother and not Applicant who committed the offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the trial prosecutor to respond to Applicant's claim that the State withheld favorable evidence from the defense prior to trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether 1) the prosecutor failed to disclose evidence, 2) the evidence was favorable to Applicant, and 3) the evidence was material, such that there is a reasonable probability that, had the evidence been

3

disclosed to the defense, the outcome of the trial would have been different. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 25, 2019
Do not publish